**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HARVEST NATURAL RESOURCES, INC. and HNR ENERGIA B.V., | § § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. H-18-483 |
| JUAN JOSE MENDOZA GARCIA, *et al.*, | § § § | |
| Defendants. | § | |

**ORDER**

**I.    Background**

In February 2018, Harvest Natural Resources, Inc. and HNR Energia B.V. sued Rafael Dario Ramirez Carreno and other defendants over a bribery scheme, seeking $472 million in lost profits. (Docket Entry No. 1).  In November 2018, Harvest and HNR Energia moved for entry of default and default judgment against Ramirez, who had failed to answer, appear, or otherwise defend the claims filed against him.  (Docket Entry No. 65).  The court granted the motion in December 2018 and entered judgment against Ramirez in the amount of $472,039,552.66, under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*  (Docket Entry No. 66).

In January 2019, Harvest and HNR Energia moved for a corrected judgment, seeking $1.4 billion in damages.  (Docket Entry No. 67).  Harvest and HNR Energia argue that even though they asked for $472 million in damages, RICO mandates treble damages, entitling them to recover $1.4 billion from Ramirez.  (*Id.* at 1–2).  Harvest and HNR Energia also ask the court to "order that [they] are entitled to . . . attorney's fees, expenses, and costs, but defer ruling on the specific amounts until they can be more finally determined."  (*Id.* at 1).

## II. The Legal Standard

A motion that asks the court to alter an order or judgment is generally considered under Federal Rule 59(e). FED. R. CIV. P. 59(e); *see Harris v. Moberly*, 642 F. App'x 386, 387 (5th Cir. 2016) (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc)) ("Regardless of the label attached to it, a motion challenging the correctness of a judgment is a motion filed [under] Rule 59(e) of the Federal Rules of Civil Procedure if the litigant submits it within 28 days after the entry of the judgment."). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

The court has "considerable discretion" in addressing a motion for a corrected judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 (3d ed.) ("A motion under Rule 59(e) . . . is appropriate if . . . the original judgment . . . fail[s] to give relief on a certain claim on which it has found that the party is entitled to relief."). Altering an order or judgment under Rule 59(e) is an "extraordinary remedy." *Templet*, 367 F.3d at 479. A district court's decision on a Rule 59(e) motion is reviewed for abuse of discretion. *Garziano v. La. Log Home Co., Inc.*, 569 F. App'x 292, 295 (5th Cir. 2014).

## III. Analysis

### A. The Motion to Amend

Under 18 U.S.C. § 1964(c), "[a]ny person injured in his business . . . by reason of a violation of section 1962 of this chapter may sue . . . in any appropriate United States district court and shall recover threefold the damages he sustains." 18 U.S.C. § 1964(c). Civil RICO was "designed to remedy economic injury by providing for the recovery of treble damages." *Malvino v. Delluniversita*, 840 F.3d 223, 230 (5th Cir. 2016) (quoting *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406 (2003)) (emphasis omitted). "Treble damages, which unlike traditional punitive damages are derived from actual damages, ensure the plaintiff is adequately compensated by counter-balancing the difficulty of maintaining a private suit." *Id.* (quotation omitted).

Harvest and HNR Energia alleged that they suffered $472 million in lost profits and asked for treble damages. (Docket Entry No. 1 at ¶¶ 1, 47, 84, 86, 95, 97). After Ramirez defaulted, Harvest and HNR Energia moved for default judgment, seeking and presenting evidentiary support for actual damages. (Docket Entry No. 66). Because the court found that Harvest and HNR Energia sustained $472 million in actual damages under RICO, a judgment that does not include a treble damages award violates the statute's requirement for "threefold" recovery. 18 U.S.C. § 1964(c); *See Rosenzweig*, 332 F.3d at 863–64. The court amends the judgment to give Harvest and HNR Energia the recovery to which the RICO statute entitles them. Default judgment is separately entered against Ramirez in the amount of $1,416,118,657.98.

### B. The Request for Fees, Expenses, and Costs

Section 1964(c) also entitles Harvest and HNR Energia to "the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). Under Rule 54(d)(2), Harvest and HNR Energia must move for attorney's fees "no later than 14 days after the entry of judgment" unless "a court

order provides otherwise." FED. R. CIV. P. 54(d)(2)(B)(i). Harvest and HNR Energia argue, however, that "Ramirez has fled the country and law enforcement and refused to reveal his current location." (Docket Entry No. 67 at 3). Harvest and HNR Energia claim that they "will incur additional attorney's fees, expenses, and costs in attempting to enforce this [c]ourt's judgment." (*Id.*). They ask for a declaratory judgment that they may recover attorney's fees, expenses, and costs, but request that the court retain jurisdiction over and delay ruling on the specific amounts until they can be determined. (*Id.*).

Because Harvest and HNR Energia will incur additional fees and costs enforcing the judgment against Ramirez, they need not submit specific amounts within 14 days, but they must move for these fees and costs within 14 days after judgment is entered.

## IV. Conclusion

The motion for a corrected judgment, (Docket Entry No. 67), is granted. Default judgment is separately entered against Ramirez for $1,416,118,657.98. Harvest and HNR Energia are entitled to reasonable attorney's fees, expenses, and costs. They must move under Rule 54(d) within 14 days of enforcing the judgment.

SIGNED on February 13, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge