**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HARVEST NATURAL RESOURCES, INC.** | § | |
| **and HNR ENERGIA B.V.,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION: 4:18-cv-00483 |
| **JUAN JOSE GARCIA MENDOZA, PETRO** | § | |
| **CONSULTORES S.C., PETRO** | § | |
| **CONSULTORES INTERNATIONAL** | § | |
| **TRADING COMPANY, INC.,** | § | |
| **PETROCONSULTORES (BARBADOS)** | § | |
| **LTD., PETROCONSULTORES, INC.,** | § | |
| **SELLE LLC,** | § | |
| **AZURE 904 LLC, AZURE 406 LLC,** | § | |
| **RAFAEL DARIO RAMIREZ CARRENO,** | § | |
| **EULOGIO ANTONIO DEL PINO DIAZ,** | § | |
| **and JOSE ANGEL GONZALEZ ACOSTA,** | § | |
| | § | |
| Defendants. | | |

**DEFENDANT RAFAEL DARIO RAMIREZ CARRENO'S RESPONSE**
**REGARDING ORDER TO SHOW CAUSE**

On June 25, 2020, the Court ordered the parties to show cause for keeping docket entries

81, 109, 119, 122 and 126 (the "Documents") under seal, in whole or in part. Dkt. No. 141. These

documents address service and jurisdictional issues, and thus contain sensitive personal and

financial information about Defendant Ramirez in which Defendant Ramirez has a reasonable

expectation of privacy. In addition to the pleadings filed in this matter, the related discovery

produced to date (some of which is attached as exhibits to the Documents) likewise focused on

Defendant Ramirez's personal and financial information—not the merits of Plaintiffs' underlying

allegations in this case. As set forth in more detail below, Defendant Ramirez's request to redact

or seal the Documents is narrowly tailored to only redact or seal his personal and financial information, for which Defendant Ramirez's interest in nondisclosure outweighs the public's common-law right of access to judicial records.

Specifically, Defendant Ramirez respectfully requests only that (i) portions of the relevant briefing (Dkt. Nos. 109, 119, 122, 126) and certain exhibits attached thereto (specifically, Dkt. Nos. 109-4, 109-5, 109-9, 109-10, 109-28, 109-29, and 109-30) be redacted, to the extent they contain personal or financial information about Defendant Ramirez and (ii) that the exhibits that contain excerpts of Defendant Ramirez' interrogatory responses and documents he produced in discovery be sealed in their entirety (specifically, Dkt. Nos. 109-1, 109-18, 109-34, 109-36, 109-37, 109-72, 109-73, 109-74, 109-76, 119-4, and 122-4), as each of these items (many of which were produced ATTORNEY'S EYES ONLY) contain sensitive non-public personal and financial information about Defendant Ramirez.  Defendant Ramirez also seeks to provisionally maintain under seal Dkt. Nos. 109-17 and 119-3, which contain information designated confidential by other parties, but only to give the designating party an opportunity to object to their unsealing.

## <u>LEGAL STANDARD</u>

The Court may seal records if the interests favoring nondisclosure in a particular case outweigh the presumption in favor of the public's common-law right of access to judicial records. *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). "The 'relevant facts and circumstances of the particular case' inform the factors that a court weighs on both sides." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (quoting *Belo Broadcasting Corp.*, 654 F.2d 423, 430 (5th Cir. 1981)).

The party seeking to seal court documents bears the burden to establish that the presumption of public records should be overcome.  *Torres-Montalvo v. Keith*, No. C-11-161,

2011 WL 5023271, at *1 (S.D. Tex. October 17, 2011); *see*, *e.g., LEAP Systems, Inc. v. MoneyTrax, Inc*., 638 F.3d 216, 221-22 (3d Cir. 2011); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).   The presumption may be overcome "by providing sufficiently compelling reasons that override the public policies favoring disclosure." *Jeanbaptiste v. Wells Fargo Bank, N.A*., No. 3:14-0264-K, 2014 WL 6790737, at *4 (N.D. Tex. December 1, 2014) (quoting *Bianco v. Globus Medical, Inc*., No. 2:12-CV-00147-WCB, 2013 WL 3422000, at *2 (E.D. Tex. July 14, 2014)).

Courts in this Circuit have found that there are compelling reasons to seal personal information, including "private residence addresses" and social security numbers, or "confidential financial information, for which the [party's] interest in nondisclosure outweighs the public's common-law right of access to judicial records."   *See, e.g., Gee v. Women's Health Care Ctr.,* 2019 WL 2617109, at *6 (E.D. La. June 25, 2019) (ordering "private residence addresses" be redacted "from these materials before filing them in the public record"); *Carnaby v. City of Houston,* No. CIV.A.4:08-CV-1366, 2008 WL 4546606, at *3 (S.D. Tex. Oct. 10, 2008) ("All identifying information must be redacted from personnel files, including the employee's home address, telephone number, social security number, date of birth, medical records, race, family data, income, health records, and retirement benefits."); *United States v. Abdallah*, No. H-07- 155, 2009 WL 2246156, at *2 (S.D. Tex. July 24, 2009) (Rosenthal, J.) ("Under Federal Rule of Criminal Procedure 49.1, when a court filing contains 'an individual's social-security number  . . . or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual,' the filing must be redacted and may only include the last four digits of the social-security number or financial account number, the year of the individual's birth, the minor's initials, and the city and state of the home address.")

(citation omitted); *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-cv-484, 2015 WL

13466613, at *5 (E.D. Tex. June 5, 2015); *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20,

33 (1984) ("pretrial depositions and interrogatories are not public components of a civil

trial . . . [and] were not open to the public at common law").

### MATERIALS SOUGHT TO BE SEALED OR REDACTED

The Documents at issue include the following:

| ECF Number | Document |
|---|---|
| 81 | Two Sealed Exhibits to Harvest's Emergency Motion to Permit Limited Discovery |
| 109 | Harvest's Sealed Response in Opposition to Ramirez's Motion to Set Aside Default Judgment, and 76 exhibits thereto |
| 119 | Ramirez's Sealed Reply in Support of Motion to Set Aside Default Judgment, and 4 exhibits thereto |
| 122 | Harvest's Sealed Surreply in Opposition to Ramirez's Motion to Set Aside Default Judgment, and 6 exhibits thereto |
| 126 | Ramirez's Sealed Response to Harvest's Surreply to Motion to Set Aside Default Judgement |

Defendant Ramirez's request to seal or redact is narrowly tailored to include the following:

| ECF Number | Document | Portions to Be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 109 | Harvest's Sealed Response in Opposition to Ramirez's Motion to Set Aside Default Judgment | Redact personal or otherwise confidential information referenced on pages 10, 11, 21, and 22 | This document contains information about Defendant Ramirez's location |
| 109-1 | Excerpt from Defendant Ramirez's Second Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains Defendant Ramirez's confidential financial information |
| 109-4 | Document bearing bates number HARVEST_RDR_000003-4, email chain between AP Reporter and Mr. Ball dated February 17-19, 2018 | Redact Defendant Ramirez's phone number | This exhibit contains contact information for Defendant Ramirez |

| ECF Number | Document | Portions to Be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 109-5 | Document bearing bates number HARVEST_RDR_000021, screenshot of Mr. Ball's contact information for Defendant Ramirez | Redact Defendant Ramirez's phone number | This exhibit contains contact information for Defendant Ramirez |
| 109-9 | Document bearing bates number HARVEST_RDR_000001-2, WhatsApp messages between Mr. Ball and AP Reporter on February 20-21, 2019 | Redact Defendant Ramirez's phone number | This exhibit contains contact information for Defendant Ramirez |
| 109-10 | Document bearing bates number HARVEST_RDR_000020, screenshot of Mr. Ball's WhatsApp contact information for Defendant Ramirez | Redact Defendant Ramirez's phone number | This exhibit contains contact information for Defendant Ramirez |
| 109-18 | Excerpt from Defendant Ramirez's Second Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains information about Defendant Ramirez's location |
| 109-28 | Document bearing bates number HARVEST_RDR_000660-62, "People Search *Now*" results | Redact Defendant Ramirez's phone number | This exhibit contains contact information for Defendant Ramirez |
| 109-29 | Document bearing bates number HARVEST_RDR_000643-45, Experian and Equifax credit search | Redact Defendant Ramirez's social security number and birth date | This exhibit contains information about Defendant Ramirez's personal identifiers |
| 109-30 | Document bearing bates number HARVEST_RDR_000641-42, utility record search | Redact Defendant Ramirez's wife's social security number | This exhibit contains personal information about Defendant Ramirez's wife |
| 109-34 | Excerpt from Defendant Ramirez's First Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains information about Defendant Ramirez's location |
| 109-36 | Excerpt from Defendant Ramirez's Third Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains information about Defendant Ramirez's location |

| ECF Number | Document | Portions to Be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 109-37 | Document bearing bates number RDRC000028-29, Defendant Ramirez's Identification Card | Entirety | This exhibit contains information about Defendant Ramirez's location and other personal identifiers |
| 109-72 | Excerpt from Defendant Ramirez's Third Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains information about Defendant Ramirez's location |
| 109-73 | Excerpt from Defendant Ramirez's Second Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains Defendant Ramirez's confidential financial information |
| 109-74 | Document bearing bates number RDRC000053-56, copy of Defendant Ramirez's bank statement | Entirety | This exhibit contains Defendant Ramirez's confidential financial information |
| 109-76 | Excerpt from Defendant Ramirez's Second Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains Defendant Ramirez's confidential financial information and information about his location |
| 119 | Ramirez's Sealed Reply in Support of Motion to Set Aside Final Default Judgment | Redact personal or otherwise confidential information referenced on pages 10, 11, 12, 18 and 21 | This document contains Defendant Ramirez's confidential financial information and information about his location |
| 119-4 | Excerpt from Defendant Ramirez's Third Set of Answers and Objections to Interrogatories | Entirety | This exhibit contains information about Defendant Ramirez's location |
| 122 | Harvest's Surreply in Opposition to Ramirez's Motion to Set Aside Default Judgment | Redact personal or otherwise confidential information referenced on pages i, 5, 7-8, 11, 13 | This document contains information about Defendant Ramirez's location |
| 122-4 | Document bearing bates number RDRC000001, a copy of Defendant Ramirez's flight itinerary | Entirety | This exhibit contains information about Defendant Ramirez's location |

| ECF Number | Document | Portions to Be Filed Under Seal | Reason for Sealing |
|---|---|---|---|
| 126 | Ramirez's Sealed Response to Harvest's Surreply to Motion to Set Aside Default Judgment | Redact personal or otherwise confidential information referenced on pages 3, 5, and 10 | This document contains information about Defendant Ramirez's location |

As noted in the chart above, the aforementioned documents and exhibits contain confidential, non-public, personal information about Defendant Ramirez, including his current location, his contact information, and certain financial information, that would not normally be disclosed publicly and should remain confidential because of the potential harm that might be caused by its public disclosure. *See Van Waeyenberghe,* 990 F.2d at 848; *Equal Employment Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 416CV00199DMBJMV, 2017 WL 564051, at *2 (N.D. Miss. Feb. 10, 2017) ("As a general matter, personal information (name, date of birth, social security number, address, work history, telephone number) triggers a privacy right that creates good cause for sealing.") (internal quotations omitted). Accordingly, good cause exists to maintain under seal or redact this information, as set forth above, for which Defendant Ramirez's interest in nondisclosure outweighs the public's common-law right of access.

In addition, Defendant Ramirez seeks to provisionally maintain under seal Dkt. Nos. 109-17 and 119-3, which contain excerpts from the deposition transcript of Juan Jose Garcia, produced to Defendant Ramirez under the Agreed Protective Order. Defendant Ramirez has no objection to unsealing this information, and is making this provisional sealing request solely to give the designating party an opportunity to show good cause, if appropriate.

Defendant Ramirez will provide redacted versions of the documents sought to be sealed within 14 days of the Court's decision on this motion, or at a date designated by the Court.

Dated: July 10, 2020                                   Respectfully submitted,

                                                       /s/ Abbe David Lowell (by permission)
                                                       Abbe David Lowell
                                                       WINSTON & STRAWN LLP
                                                       1901 L Street NW
                                                       Washington, DC 20036
                                                       Phone: 202-282-5875
                                                       Fax: 202-282-5100
                                                       adlowell@winston.com

                                                       Denise Scofield
                                                       Texas Bar No: 00784934
                                                       S.D. Tex. Bar No: 1529
                                                       WINSTON & STRAWN LLP
                                                       1111 Louisiana Street
                                                       Houston, TX 77002
                                                       Phone: 713-651-2600
                                                       Fax: 713-651-2700
                                                       dscofield@winston.com

                                                       Staci Yablon
                                                       Sofia Arguello
                                                       WINSTON & STRAWN LLP
                                                       200 Park Avenue
                                                       New York NY 10166
                                                       Phone: 212-294-4703
                                                       Fax: 212-294-4700
                                                       syablon@winston.com
                                                       sarguello@winston.com

**CERTIFICATE OF SERVICE**

I, Denise Scofield, hereby certify that on July 10, 2020, I caused a copy of the foregoing to be filed through the Court's CM/ECF system, which will serve all counsel of record.


*/s/ Denise Scofield*
Denise Scofield