United States District Court
Southern District of Texas
**ENTERED**
September 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEST NATURAL RESOURCES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-483 |
| | § | |
| RAFAEL DARIO RAMIREZ CARRENO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Harvest Natural Resources, Inc., a Delaware energy company with operations in Texas, sued Rafael Dario Ramirez Carreno, the former president of a Venezuelan-owned oil and gas company, alleging involvement in a major international corruption dispute. The parties have filed briefings and exhibits under seal based on a protective order that governs confidentiality during discovery. A reporter has asked the court to unseal these documents, citing the high-profile subject matter, which implicates the public interest significantly. The court ordered the parties to show cause for keeping certain documents under seal, and Ramirez responded. Ramirez's request to redact and seal, Docket Entry No. 142, is granted in part and denied in part, for the reasons set out below.

**I.     Background**

In February 2018, Harvest, a publicly held energy company, sued Rafael Dario Ramirez Carreno for participating in an international bribery scheme involving conspiracy and money laundering. Harvest asserted violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961; the Sherman Act § 1, 15 U.S.C. § 1; the Robinson-Patman Act, 15 U.S.C. § 13(c); and the Texas Business & Commercial Code § 15.05. (Docket Entry No. 1; Docket Entry

No. 14 at ¶¶ 76–116). Ramirez was the Venezuelan Minister of Energy and Oil from 2004 to 2014, the Venezuelan Minister of External Affairs from August 2014 to December 2014, and the president of Petroleos de Venezuela S.A., Venezuela's state-owned oil and gas company, which does business globally. (Docket Entry No. 14 at ¶ 8; Docket Entry No. 72-1 at ¶ 3).

The court entered default judgment against Ramirez in December 2018, after finding that he was properly served under Rule 4(e) and had failed to answer, respond, or defend against the lawsuit within the Rule 12(a)(1)(A)(i) time limit. (Docket Entry No. 66). In February 2019, the court entered a final default judgment awarding treble damages of $1,416,118,657.98, postjudgment interest from the date of the judgment at a rate of 2.55% per year, and attorneys' fees and costs. (Docket Entry No. 71; *see also* Docket Entry No. 137 at 4). The court set aside the default motion in June 2020, because "[Ramirez] believed he had not been served" and "presented a meritorious defense," and because of the "size of the default judgment" and the "policy favoring resolving cases on the merits." (Docket Entry No. 137 at 33, 38).

In moving to set aside the default judgment, Ramirez explained some of the problems he faced receiving and responding to Harvest's attempts at service of process. (Docket Entry No. 72). In December 2017, Ramirez had "resigned from the United Nations because [he] disapproved of [Venezuelan] President Nicolas Maduro's government and policies" and claimed to be in hiding to "protect [him]self from political persecution by the Maduro government and its allies." (Docket Entry No. 72-1 at ¶¶ 5–6).

In October 2019, the court granted the parties' joint motion to enter a protective order. (Docket Entry Nos. 103, 104). The parties designated documents produced in discovery as "confidential" under the protective order. They also filed documents in connection with motions and briefings under seal, without seeking the court's authorization to do so. In June 2020, an

Associated Press reporter asked the court to unseal all documents associated with Docket Entry Nos. 81, 109, 119, 122 and 126, since this case involves international corruption allegations, implicating the public interest. (Docket Entry No. 141-1). The court ordered the parties to show cause for keeping these documents under seal, in whole or in part. (Docket Entry No. 140). Ramirez responded, and Harvest did not. (Docket Entry No. 142).

Ramirez moved to redact personal information within the parties' briefs; to redact phone numbers, social security numbers, and financial information within the Docket Entry No. 109 exhibits; and to seal certain Docket Entry Nos. 109, 119, and 122 exhibits that include personal details or could reveal Ramirez's location while he remains in hiding. (Docket Entry No. 142). The court considers the requests to seal, in whole or in part, under the applicable legal standards.

## II.   The Legal Standard

Courts presume that the public should have access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). "Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (alteration in original) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir.1988)). The presumption in favor of access applies even when if information is uninteresting to the public. *See Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008).

But there are limits. Under Federal Rule of Civil Procedure 5.2, a party making a filing with the court that contains sensitive personal or financial information may include only "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of

the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." FED. R. CIV. P. 5.2(a). The court has "supervisory power over its own records and files" and may also seal documents "where court files might [] become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. The court must use this discretion with care by "weighing the interests advanced by the parties in light of the public interest." *Id.* at 602; *see also Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

"If the district court determines that the [document] contains sensitive information favoring sealing, [it] should then consider whether redaction of the relevant information is an adequate substitute for sealing . . . ." *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, No. 13-20250, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015). The court should favor unsealing "if appropriate redactions will satisfy privacy or other relevant concerns." *Id.* (citing *In re Dall. Morning News Co.*, 916 F.2d 205, 206 (5th Cir. 1990)).

**III.   Analysis**

    **A.   Redacting the Parties' Briefs in Docket Entry Nos. 109, 119, 122, and 126**

Ramirez argues that the parties' briefs in Docket Entry Nos. 109, 119, 122, and 126 should remain sealed in part. Ramirez requests leave to redact "personal, or otherwise confidential information" that would reveal "information about [his] location" and finances, on pages 10, 11, 21, and 22 of Docket Entry No. 109; pages 10, 11, 12, 18 and 21 of Docket Entry No. 119; pages i, 5, 7–8, 11, 13 of Docket Entry No. 122; and pages 3, 5, and 10 of Docket Entry No. 126. (Docket Entry No. 142 at 4, 6–7). He argues that this is personal information that would cause harm if accessible to the public.

The sections of the documents that Ramirez identifies contain information about his current whereabouts. Ramirez claims to be in hiding from the Venezuelan government and is asking to

4

redact parts of the filings that could reveal his location. Ramirez's concerns about his safety if his location is revealed favor nondisclosure. Ramirez's request to make redactions is granted.

### B. Redacting Exhibits in Docket Entry No. 109

Ramirez requests redaction of his phone number from Docket Entry Nos. 109-4, 109-5, 109-9, 109-10, and 109-28, (Docket Entry No. 142 at 4–5); his social-security number and birth date from Docket Entry No. 109-29, (*Id.* at 5); and his wife's social-security number from Docket Entry No. 109-30. (*Id.*). These exhibits clearly contain specific financial and contact information without relevance to the public's understanding of the case. Redaction is appropriate.

### C. Sealing Exhibits in Docket Entry Nos. 109, 119, and 122

Ramirez moves to keep Docket Entry Nos. 109-1, 109-73, and 109-74 under seal because they "contain[] information about Defendant Ramirez's confidential financial information." (Docket Entry No. 142 at 4, 6). Docket Entry Nos. 109-1 and 109-73 contain Ramirez's answers to interrogatories focusing on his bank accounts. Ramirez refers to the financial institutions where he has had bank accounts, but he gives no specific information as to his bank account number, account type, or other sensitive details. (Docket Entry No. 109-1 at 6). Docket Entry No. 109-74 lacks specific financial details, but it does contain Ramirez's address, which must be redacted.

Ramirez asks the court to keep Docket Entry Nos. 109-18, 109-34, 109-36, 109-37, 109-72, 109-76, 119-4, and 122-4 under seal because they "contain[] information about Defendant Ramirez's location" and "other personal identifiers." (*Id.* at 4–6). The court agrees. In these exhibits, some of which are duplicative, Ramirez states his address and provides information highly suggestive of his whereabouts.

Ramirez asks the court to keep Docket Entry Nos. 109-17 and 119-3 under seal, not on Ramirez's behalf, but "to give the designating party an opportunity to object to their unsealing."

5

(Docket Entry No. 142 at 2). Docket Entry No. 109-17 is an August 2019 letter referring to sections of defendant Juan Garcia's deposition and describing Ramirez's travel to Geneva. Docket Entry No. 119-3 is a record of Garcia's videotaped deposition. These documents will be unsealed. Neither party shown good cause to maintain them under seal.

Nor have they shown good cause to keep Docket Entry No. 81 under seal. This filing includes Garcia's resumé, which describes his civil status, contact information, and contact information for his personal references. Ramirez must submit this exhibit with the contact information, Garcia's civil status, and Garcia's personal references' contact information redacted. The document will otherwise be unsealed.

### IV. Conclusion

Ramirez's motion to redact certain information in Docket Entry Nos. 109, 119, 122, and 126 is granted. These documents will be unsealed in part, after Ramirez has redacted the specified information. Ramirez's motion to redact Docket Entry Nos. 109-4, 109-5, 109-9, 109-10, 109-28, 109-29, and 109-30 is granted. These documents will be unsealed in part, after Ramirez has redacted the requested information.

Ramirez's motion to keep Docket Entry Nos. 81, 109-1, 109-17, 109-73, and 119-3 under seal is denied. Ramirez must provide a redacted version of Docket Entry No. 81, as described above. Ramirez's motion to keep Docket Entry Nos. 109-18, 109-34, 109-36, 109-37, 109-72, 109-74, 109-76, 119-4, and 122-4 under seal is otherwise granted.

Ramirez must file the redacted documents by **October 14, 2020**.

SIGNED on September 30, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge